IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:18-cv-5486 |
| v. | ) ) | **COMPLAINT** |
| | ) ) | **JURY TRIAL DEMAND** |
| FERMI NATIONAL ACCELERATOR LABORATORY, | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct an unlawful employment practice based on retaliation and to provide appropriate relief to Christine Ader ("Ader"). As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that the Defendant, Fermi National Accelerator Laboratory ("Defendant" or "Fermi"), retaliated against Ader by failing to promote her after she complained of sex-based discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and expressly authorizes it to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).
4. At all relevant times, Defendant Fermi has continuously been doing business in the State of Illinois and the City of Batavia, and has continuously had at least 15 employees.
5. At all relevant times, Defendant Fermi has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Ader filed a charge with the Commission alleging violations of Title VII by Defendant.
7. On August 2, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.
8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.
9. On June 18, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission could not secure from Defendant a conciliation agreement acceptable to the Commission.
10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. On or about October 14, 2014, Ader engaged in protected opposition to unlawful employment practices by complaining of sex-based discrimination. In 2015, Defendant engaged in an unlawful employment practice, retaliation, at its Batavia, Illinois location,

in violation of Section 704(a) of Title VII, 42 U.S.C. 2000e-3(a). This practice consisted of failing to promote Ader to the position of Mechanical Engineer Manager of the Accelerator Division in or about June, 2015, because she had previously complained of sex-based discrimination, even though she met all the required qualifications for the position while the person selected for the position did not. Unlike Ader, the person selected for the position had not engaged in protected activity.

12. The effect of the practice complained of above in paragraph 11 has been to deprive Ader of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activity.
13. The unlawful employment practice complained of in paragraph 11 above was intentional.
14. The unlawful employment practice complained of in paragraph 11 above was done with malice or with reckless indifference to the federally protected rights of Ader.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.
B. Order Defendant to institute and carry out policies, practices, and programs for persons who engage in protected oppositions under Title VII, and which eradicate the effects of its past unlawful employment practice.
C. Order Defendant to make whole Ader, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including, but not limited to, promotion or front-pay in lieu of promotion.
D. Order Defendant to make whole Ader by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraph 11 above, in amounts to be determined at trial.
E. Order Defendant to make whole Ader by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice complained of in paragraph 11

above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Ader punitive damages for its malicious and reckless conduct, as described in paragraph 11 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M St. NE
Washington, DC 20507

s/Greg Gochanour
Greg Gochanour
Regional Attorney

s/Diane Smason
Diane Smason
Supervisory Trial Attorney

s/Laurie Elkin
Laurie Elkin
Trial Attorney

s/Kelly Bunch
Kelly Bunch
Trial Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison St.
Suite 2000
Chicago, IL 60661
312-869-8107