# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNTIY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 18-cv-5486 |
| v. | )<br>) Judge Sharon Johnson Coleman |
| FERMI RESEARCH ALLIANCE, LLC, | )<br>) |
| Defendant. | ) |

## ORDER

Fermi Research Alliance, LLC's motion to dismiss [25] is denied.

## STATEMENT

The EEOC brought this case against the Fermi Research Alliance, LLC ("Fermi") on behalf of Christine Ader, who the EEOC alleges was denied a promotion as a result of a written grievance that she filed in 2014. Fermi moves to dismiss the EEOC's complaint for failure to state a claim.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the allegations. The allegations must contain enough factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When ruling on a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

1

In order to state a claim for Title VII retaliation, a plaintiff must allege that (1) she engaged in statutorily protected expression; (2) she suffered an adverse action at the hands of her employer; and (3) there was a causal link between the two. *Fine v. Ryan International Airlines*, 305 F.3d 746, 751–52 (7th Cir. 2002). Fermi contends that the EEOC has failed to allege a statutorily protected expression. In order for an employee's complaint to be a "statutorily protected expression", the employee must reasonably believe that she is challenging conduct that violates Title VII. *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1314 (7th Cir. 1989).

Here, the EEOC alleges that Ader filed a written grievance asserting that her supervisor had engaged in sex-based discrimination by punishing her for the same conduct which a similarly situated male employee was not punished. Fermi attempts to argue that Ader's grievance, although premised as a sex-discrimination claim, was really a complaint about the application of a gender-neutral work-place disciplinary policy. That may well be true, but assessment of the merits of that grievance is not a relevant inquiry in assessing a Title VII retaliation claim. *Id.* It does not matter whether Ader's grievance would have prevailed on the merits; it only matters whether she could have reasonably believed that the grievance described conduct violating Title VII. *See Id.* "[T]he challenged practice need not actually violate Title VII. Instead, it is sufficient if the plaintiff has a reasonable belief that she is challenging conduct in violation of Title VII").

Here, the EEOC's complaint establishes that Ader's grievance alleged gender-based discrimination based on inequitable discipline, an allegation that would squarely fall within the scope of Title VII. Although Fermi disputes whether the allegations in the complaint are substantiated by the actual text of the grievance Ader submitted, Fermi has not placed that document before this Court and the Court therefore is compelled to accept the EEOC's allegations on their face. Accordingly, Ader's grievance reasonably alleged discrimination prohibited by Title VII and

constituted a statutorily protected activity. Fermi's motion to dismiss, which is based solely on its argument that the EEOC has not alleged a statutorily protected expression, is therefore denied.

IT IS SO ORDERED.

Date: 6/11/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge