IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No. 18-CV-5486 |
| Plaintiff, | ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | Magistrate Judge Sheila Finnegan |
| FERMI RESEARCH ALLIANCE, LLC, | ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

## THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant, Fermi Research Alliance, LLC ("FRA") engaged in unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), when it retaliated against Charging Party Christine Ader ("Charging Party" or "Ader") after she complained of sex-based discrimination (the "Complaint"). FRA filed an Answer denying these allegations.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and FRA have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree"). By entering this Decree, neither party admits the claims or defenses of the other party.

1

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and shall be binding on the EEOC; on FRA; on FRA's directors, officers, employees, successors, and assigns.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

(a) This Court has jurisdiction over the subject matter of this action and the parties;

(b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

(c) The rights of the EEOC, the Charging Party, FRA, and the public are adequately protected by this Decree;

(d) This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person; and

(e) Entry of this Decree will further the objectives of Title VII and will be in the best interests of the EEOC, the Charging Party, FRA, and the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST RETALIATION

5. FRA, its officers, agents, employeessuccessors, assigns are hereby enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights or participated in the fulfilling of any obligation under this Decree.

## MONETARY RELIEF

6. In consideration of Charging Party's execution of the Release Agreement attached as Exhibit A ("Release Agreement"), FRA agrees to pay Charging Party the gross sum of one hundred thousand dollars ($100,000) representing settlement of Charging Party's claims for alleged lost wages, less applicable withholding and deductions for federal, state, and local taxes, for which a W-2 will be issued at the appropriate time (the "Settlement Payment"). FRA may not deduct the employer's portion of applicable payroll taxes from the Payments.

7. Within the latter of (30) business days after receipt by FRA of a copy of a Release Agreement executed in the form set forth in Exhibit A to this Decree and entry of this Decree, FRA shall issue and mail by certified or registered mail, a check to Charging Party in the amount set forth in paragraph 6 above. Contemporaneously, FRA shall submit a copy of such check to the EEOC.

## TRAINING

8. All FRA managers and supervisors shall participate in a training session regarding the laws prohibiting retaliation annually during the duration of the consent decree.

9. FRA has provided the EEOC with an opportunity to review its retaliation training included in the course titled Harassment and Discrimination Prevention: Supervisors, on the third-party EVERFI platform. The EEOC has no objection to the retaliation module of the Harassment and Discrimination Prevention: Supervisors training to fulfill the training requirement for the duration of the consent decree as identified in Paragraph 18. If FRA elects to substantively alter the retaliation portion of the Harassment and Discrimination Prevention: Supervisors training before the Decree expires, FRA shall provide the EEOC via the individuals identified in

3

Paragraph 20 an opportunity to review and provide objections to the proposed trainer and the content related to retaliation of the proposed training under Paragraph 8 above at least 45 days prior to implementing a revised training program. The EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or object to the proposed trainer and content related to retaliation. In the event the EEOC objects to the designated trainer and content related to retaliation, Defendant shall have fifteen (15) calendar days to identify an alternate trainer or modified content related to retaliation. If after the designation of an alternative trainer or content related to retaliation the parties are unable to reach agreement on the suitability of the trainer or content, the parties will seek the assistance of the Court pursuant to paragraph 17 below.

## POSTING AND DISTRIBUTION OF NOTICE

10.    No later than ten (10) business days after entry of this Decree, FRA shall post the Notice attached as Exhibit B to this Decree in Wilson Hall at the place typically used by FRA for posting notices to employees. The Notice shall remain posted in this manner for the term of this Decree. FRA shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. FRA shall permit a representative of the EEOC to enter the Wilson Hall premises for purposes of verifying compliance with this Paragraph at any time during normal business hours with sufficient notice for FRA Office of General Counsel to facilitate the required authorization pursuant to the heightened federal contractor security protocols applicable to FRA for non-employee access to enter the Fermi National Accelerator Laboratory site and Wilson Hall.

11.     No later than fifteen (15) business days after entry of this Decree, FRA shall certify to EEOC in writing that the Notice has been properly posted in accordance with Paragraph 10 above.

## **RECORD KEEPING**

12.     During the term of this Decree, FRA shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report of retaliation for opposing any practice made unlawful under Title VII, for filing a Charge of Discrimination under Title VII, for testifying or participating in any manner in any investigation, proceeding, or hearing under Title VII, or for asserting any rights under or performing any action required by this Decree.

13.     Such records shall indicate the date the complaint was made, who made it, what was alleged, and what actions FRA took to resolve the matter, and when. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, FRA took, and the identity of the staff responsible for investigating the complaint or report and for determining Defendant's response; and (e) if the complaint or report was made in written form, a copy thereof. FRA will provide this information to the EEOC as identified in Paragraph 15.

14. FRA shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.

## REPORTING

15. FRA shall furnish to the EEOC two reports during the term of this Decree. The first report shall be due eight (8) months after entry of the Decree. The second report shall be due seventeen (17) months after the entry of the decree. Each such report shall be produced in a digital Microsoft Excel Format, and contain: (a) the information described in Paragraphs 12 and 13, above, for the reporting period preceding the report; or (b) a certification by FRA that no complaints or reports of retaliation were received during that period. Each report should also contain a statement confirming that all required personnel have taken the annual required training described in Paragraph 8 above.

16. FRA shall provide a certification that the Notice required to be posted pursuant to Paragraph 10 of the Decree remained posted in the manner required during the entire duration of the consent decree.

## DISPUTE RESOLUTION

17. If during the term of this Decree either party to the Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten

(10) business days, the complaining party may apply to the Court for relief, including asking the Court for modification of this Decree or any other equitable remedies which come within the Court's authority.

### **TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION**

18. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction over this matter to enforce this Decree) for a term of eighteen months immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 17, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

### **MISCELLANEOUS PROVISIONS**

19. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

20. When this Decree requires a certification by FRA of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of FRA. When this Decree requires the submission by FRA of reports, certifications, notices, or other materials to the EEOC, they shall be sent by email to Kelly.Bunch@eeoc.gov and Laurie.Elkin@eeoc.gov and/or via mail to FRAermi Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604. By advance agreement of the parties, materials may alternatively be submitted by electronic mail only.

7

SO ORDERED, ADJUDGED, and DECREED on this 28th day of September 2021.

By the Court:

The Hon. Sharon Johnson Coleman
United States District Judge

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

Gwendolyn Young Reams
Acting General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507

Gregory M. Gochanour
Regional Attorney
230 S. Dearborn Street, Suite 2920
Chicago, Illinois  60604

Ethan M.M. Cohen
Supervisory Trial Attorney

Laurie S. Elkin
Trial Attorney

Kelly J. Bunch
Trial Attorney

For FERMI RESEARCH ALLIANCE, LLC

Katherine Gregory
Chief Operating Officer
Wilson and Kirk Roads, P.O. Box 500
MS#105, Batavia, IL, 60510

## NOTICE TO FERMI RESEARCH ALLIANCE, LLC EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in *EEOC v. Fermi Research Alliance, LLC*, Case No. 18-cv-5486 (N.D. Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Fermi Research Alliance, LLC ("FRA").

In this lawsuit, the EEOC alleged that FRA violated Title VII of the Civil Rights Act of 1964 (Title VII) by retaliating against an employee for complaining about discrimination. FRA denied EEOC's allegations. Neither party admits the allegations or defenses of the other party.

To resolve this case, EEOC and FRA have entered into a Consent Decree requiring, among other things, that:

1. FRA will pay a monetary amount to the Charging Party.

2. FRA will not retaliate against anyone for making a report or complaint about unlawful employment discrimination, for filing a charge of discrimination, or for participating in any way in a proceeding under Title VII; and

3. FRA will provide training to all managers and supervisors on unlawful retaliation.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (866) 408-8075 or ASL Video Phone 1 (844) 234-5122. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for 18 months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: FRA Consent Decree Compliance; EEOC – Legal Unit; 230 South Dearborn Street, Chicago, Illinois 60604.

9/28/2021
Date

Judge Sharon Johnson Coleman
United States District Court

12